IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CRYSTAL D. TISCHLER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00721-P-BP |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE AND NOTICE AND ORDER**

Plaintiff Crystal Delaune Tischler ("Tischler") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of her disability insurance benefits ("DIB") application under Title II of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and administrative record, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **AFFIRM** the Commissioner's decision.

**I.    STATEMENT OF THE CASE**

Tischler filed her DIB application on December 11, 2017, alleging a disability onset date of December 29, 2016. ECF No. 18 at 10. The Commissioner denied her claim initially and upon reconsideration. *Id.* at 61, 76. At Tischler's request, Administrative Law Judge ("ALJ") Jack Raines reviewed the decision, upholding it on September 26, 2019. *Id.* at 19. The ALJ employed the SSA's five-step analysis for disability determinations and explained his findings at each step.

At step one, he found that Tischler had "not engaged in substantial gainful activity since December 29, 2016, the alleged onset date." ECF No. 18 at 15. At step two, he found that Tischler

had the severe impairments of "post-traumatic stress disorder (PTSD), major depressive disorder, and generalized anxiety disorder[,]" but concluded that her "medically determinable impairments of asthma, obesity, and attention deficit disorder (ADD), considered singly and in combination, do not cause more than minimal limitation in [her] ability to perform basic work activities and are therefore nonsevere." *Id.* He concluded at step three that "[t]he severity of [her] mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, and 12.15." *Id.* at 16.

Progressing to step four, the ALJ found that Tischler was "unable to perform past relevant work as actually or generally performed." *Id.* at 21. However, he ultimately concluded that "[c]onsidering [her] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* By way of example, the ALJ referenced general office work (approximately 80,000 jobs nationally); document processing and scanning (30,000–40,000 jobs nationally); cleaning and housekeeping services (60,000 jobs nationally); and laundry work (60,000+ jobs nationally). *Id.* at 22. The ALJ explained that the articulated jobs were non-exhaustive and that Tischler would be capable of "making a successful adjustment" to a wide array of sedentary or lightly active jobs in the national economy. *Id.*

The Appeals Council denied review on May 8, 2020. ECF No. 1 at 2; ECF No. 18 at 1–6. Thus, the ALJ's determination was the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.     FACTUAL BACKGROUND

Tischler was forty-four when her alleged disabilities began. ECF No. 18 at 18. She had completed one year of college and had worked as a computer operations manager. *Id.* In 2014, Tischler suffered the loss of her teenage son, a tragedy that resulted in deterioration of her mental and psychological health. *Id.* at 15–16, 28, 567. Her DIB application stated that she was disabled because of posttraumatic stress disorder (PTSD), major depression, anxiety, and attention deficit disorder (ADD). *Id.* at 12, 15.

## III.    STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as a "medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months" that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be presently working at any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1527. Second, the claimant must have severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c); *see Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the SSA's statutory list. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1; 20 C.F.R. § 404.1520(d). Fourth, if the claimant's medical status alone does not constitute a disability, the

impairment or impairments must prevent the claimant from returning to her past relevant work. 20 C.F.R. § 404.1520(e). Fifth, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. *Crowley v. Apfel*, 197 F.3d 197, 197-98 (5th Cir. 1999); 20 C.F.R. § 404.1520(f). "The claimant bears the burden of showing that she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC—"the most [a claimant] can still do despite [her] physical and mental limitations." *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1).

Judicial review is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "It is more than a mere scintilla and less than a preponderance." *Id.* "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

## IV. ANALYSIS

Tischler's appeal raises the "single issue [of] . . . the ALJ's evaluation of the persuasiveness of Dr. Slabaugh's medical opinion." ECF No. 26. Because the Court may neither reweigh the evidence nor second guess the Commissioner's evaluation, it may only examine the record to see if substantial evidence supported the evaluation. *Harris*, 209 F.3d at 417; *Hollis*, 837 F.2d at 1383. Accordingly, the Court can only review the Commissioner's evaluation of medical opinion evidence considering two issues: whether the Commissioner applied correct legal standards to the evidence presented and whether substantial evidence supports the Commissioner's finding that Tischler was not disabled as defined by the SSA, despite Dr. Slabaugh's opinion to the contrary.

### A. The ALJ applied correct legal standards when evaluating Dr. Slabaugh's opinion and the evidentiary record as a whole.

Tischler argues that "the ALJ did not comply with the regulatory requirements of 20 C.F.R. § 404.1520c." ECF No. 26. However, RFC determinations are administrative assessments based upon the totality of the evidence. 20 C.F.R. § 404.1545. In conducting the RFC analysis, the Commissioner examines the whole record to determine the extent to which a claimant's alleged impairments prevent participation in meaningful work activities. *Id.* Although afforded great weight, medical opinions furnished by a claimant's physician are but one piece of a larger evidentiary puzzle. The statute's pledge to articulate reasons for the Commissioner's findings is a minimal due process requirement that does not impose specific obligations on the Commissioner beyond those satisfied here. The section of the applicable regulation that Tischler cites goes on to state:

> Because many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record. Instead . . . we will articulate how we considered the medical opinions or

> prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually.

20 C.F.R. § 416.920c(b)(1). Here, the ALJ's detailed Findings of Fact & Conclusions of Law satisfies this regulation. *See* ECF No. 18 at 12–19.

The Court's task is not to scrutinize the Commissioner's findings nor evaluate their persuasiveness, but simply to ask if the ALJ employed the correct legal standards implemented to reach them. *Harris*, 209 F.3d at 417; *Hollis*, 837 F.2d at 1383. However adamantly Tischler disagrees with the Commissioner's findings, she has not presented evidence they were the result of a deviation from the applicable legal standards. An ALJ may discount a medical opinion, in whole or in part, for good cause. 20 C.F.R. § 404.1520(c)(b)(2); *Newton v. Apfel*, 209 F.3d 448, 455–456 (5th Cir. 2000). Here, the ALJ considered Dr. Slabaugh's opinion but decided it was unpersuasive because of its inconsistency with treatment notes and the weight of contravening evidence in the record. ECF No. 18 at 15–17.

The ALJ found that "the opinion of Dr. Slabaugh is not supported by her treatment notes nor is it consistent with the record as a whole, which includes normal mental status examinations and reports by the claimant reporting that she visited friends multiple times, helped work on furniture with a friend, and is able to live alone." *Id.* Rather than nakedly rejecting Dr. Slabaugh's opinion, the ALJ pointed to contravening evidence in the record upon he based his decision. *See, e.g.*, ECF No. 18 at 286, 362–364, 476, 670–675. Accordingly, the Commissioner's refusal to accord controlling weight to Dr. Slabaugh's opinion further did not amount to a deviation from the germane legal standard. Because the Commissioner's decision arose from the standard five-step

6

analysis and the ALJ's consideration of the whole evidentiary record, it was the product of correct legal standards and should be affirmed.

### B.     Substantial evidence supports the ALJ's RFC determination.

An RFC determination is valid if substantial evidence, defined as "more than a mere scintilla and less than a preponderance" supports the determination. *Boyd*, 239 F.3d at 704. The record here contains more than a scintilla of evidence supporting the Commissioner's determination. Because "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision," the Court must look to the presence of credible evidentiary choices and medical findings at each stage of the ALJ's analysis. *Id.* Tischler's response to the Commissioner's Brief does not dispute the evidence weighing against her, but argues only that the ALJ's consideration of Dr. Slabaugh's opinion was insufficient and inadequately explained. ECF No. 26. But the Court's role is not to second guess the ALJ's analysis, but to ensure that substantial evidence support his decision.

Despite her asserted disability, the record shows that Tischler's mental and psychological conditions did not preclude her from meaningful work activities. ECF No. 18 at 12–17. The ALJ found her capable of "a full range of work at all exertional levels" with minor "nonexertional limitations." *Id.* at 14. No single factor was dispositive in reaching this conclusion. *Id.* at 22. Rather, the ALJ carefully balanced evidentiary considerations throughout the entire administrative record in determining that Tischler was not disabled. *Id.*  Evidence of the daily activities Tischler could perform at the time of her DIB application was particularly persuasive. *Id.* at 10–16. The nature of Tischler's ongoing activities during the relevant timeframe support the ALJ's determination that Tischler, though disadvantaged by her mental and psychological ailments, was not disabled as understood by the SSA. Considering her ongoing activities and evidence that she

could manage her condition through medication, the ALJ found Tischler capable of work such that disability benefits would be improper. *Id.*

The ALJ considered Dr. Slabaugh's opinion and balanced its relative persuasiveness against other evidence in the record. This holistic approach ensures no single piece of evidence controls over and against the rest of the evidentiary record and it aligns with the approach outlined in 20 C.F.R. § 404.1520(c). As a result, Tischler's claim that the Commissioner based his conclusion on a "selective reading" of the evidence is unpersuasive. *See* ECF No. 26 at 3. Indeed, the opposite appears true: a favorable finding based on Dr. Slabaugh's opinion alone, despite the thrust of other evidence in the record, would represent the "selective reading" Tischler asserts. Notwithstanding other sources of evidence in the record, the presence of contravening professional opinion alone undercuts sole reliance on Dr. Slabaugh's opinion. For instance, Dr. Reddy, the psychiatrist assigned as reviewing consultant in this case, observed that Tischler was able to "understand, remember, and carry out detailed, but not complex, instructions; make basic decisions, concentrate for extended periods; interact with others; and respond to changes." ECF No. 18 at 20. The ALJ cannot be faulted for carefully considering such expert opinion simply because it contradicts Dr. Slabaugh's.

Review of the administrative record reveals explanations for the Commissioner's findings at all levels of the proceeding. From the onset, the Commissioner explained to Tischler why her claim was denied:

> We have determined that your condition is not severe enough to keep you from working. We considered the medical and other information, your age, education, training, and work experience in determining how your condition affects your ability to work. You said you are disabled because of major depression, PTSD, anxiety, and attention problems. This has not seriously affected your ability to understand, remember, or be around other people. Most of the time, you are able to carry out daily activities. Your doctor has prescribed medicine that allows you to carry out your daily activities with few, if any, restrictions. Although you said you

>have various limitations caused by your symptoms, the evidence does not show that your ability to perform basic work activities is as limited as you indicated.

ECF No. 18 at 66. The ALJ's ten-page "Findings of Fact and Conclusions of Law" was even more detailed. *Id.* at 12–20. The ALJ explained that "the opinion of Dr. Slabaugh is not supported by her treatment notes nor is it consistent with the record as a whole," and gave specific record citations to support this finding. *See* ECF No. 18 at 17.

Tischler's response to the Commissioner's brief quoted Sixth Circuit precedent that states: "A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record [such that] . . . a different outcome on remand is unlikely." ECF No. 26 at 3 (quoting *Wilson v. Comm. Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004)). But that did not happen here. In *Wilson*, the ALJ's articulation of findings was unexplained and conclusory. The court in *Wilson* expounded that "'the requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where . . . [their] physician has deemed [them] disabled." *Wilson*, 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d. Cir. 1999)). Here, however, the ALJ explained why he disagreed with Dr. Slabaugh's opinion. *See* ECF No. 18 at 286, 362–364, 476, 670–675. While medical opinions have controlling weight under ordinary circumstances, an ALJ may discount an opinion if unsupported by evidence or inconsistent with other evidence of record. *Newton*, 209 F.3d at 455–56. As explained in his Findings of Fact & Conclusions of Law, that is why the ALJ discounted Dr. Slabaugh's opinion in this case. *See* ECF No. 18 at 17.

Because "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve," the Court will not second guess the ALJ's determination of the weight to be afforded Dr. Slabaugh's opinion compared to the rest of the evidentiary record. *See Brown*, 192 F.3d at 496. Considering the clarity of the ALJ's explanation and the degree to which he supported his

conclusion with references to specific evidence in the record, substantial evidence supports the Commissioner's conclusion. Accordingly, the Court should affirm the Commissioner's decision.

## V. CONCLUSION

The ALJ applied correct legal standards, and substantial evidence in the record supports his determination that Tischler is not disabled under the SSA. Accordingly, the undersigned **RECOMMENDS** that Judge Pittman **AFFIRM** the Commissioner's decision.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 30, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE