UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CRYSTAL D. TISCHLER,**

   Plaintiff,

v.                                      No. 4:20-cv-0721-P

**KILOLO KIJAKAZI, ACTING SOCIAL
SECURITY ADMINISTRATION COMISSIONER,**

   Defendant.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On August 30, 2021, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. FCR, ECF No. 27. The FCR recommended the Court affirm the decision of the Commissioner of Social Security ("Commissioner") to deny Plaintiff's disability insurance benefits ("DIB") application under Title II of the Social Security Act ("SSA"). *Id.* at 1. Plaintiff filed an Objection to the FCR on September 13, 2021. Objection, ECF No. 28. The Court accordingly conducted a *de novo* review of the FCR.

As detailed below, the Court will **AFFIRM** the Commissioner's decision, **ADOPT** the reasoning in the Magistrate Judge's FCR (ECF No. 27), and **OVERRULE** Plaintiff's Objection (ECF No. 28).

### BACKGROUND

Tischler filed her DIB application on December 11, 2017, alleging a disability onset date of December 29, 2016. ECF No. 18 at 10. The Commissioner denied her claim initially and upon reconsideration. *Id.* at 61, 76. At Tischler's request, Administrative Law Judge ("ALJ") Jack Raines reviewed the decision, upholding it on September 26, 2019. *Id.* at 19. Then, United States Magistrate Judge Ray Hal reviewed the decisions below. ECF No. 27.

In 2014, Tischler suffered the loss of her teenage son, a tragedy that resulted in deterioration of her mental and psychological health. ECF No. 18 at 15–16, 28, 567. Tischler was forty-four years old when her alleged disabilities began. ECF No. 18 at 18. Her DIB application stated that she should be deemed disabled due to her Post-Traumatic Stress Disorder ("PTSD"), major depression, anxiety, and Attention Deficit Disorder ("ADD"). *Id.* at 12, 15. At the time, Tischler had completed one year of college and worked as a computer operations manager. *Id.*

The ALJ employed the SSA's five-step analysis for disability determinations and explained his findings at each step. At step one, he found that Tischler had "not engaged in substantial gainful activity since December 29, 2016, the alleged onset date." *Id.* at 15. At step two, he found that Tischler had the severe impairments of "[PTSD], major depressive disorder, and generalized anxiety disorder[,]" but concluded that her "medically determinable impairments of asthma, obesity, and [ADD], considered singly and in combination, do not cause more than minimal limitation in [her] ability to perform basic work activities and are therefore nonsevere." *Id.* He concluded at step three that "[t]he severity of [her] mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, and 12.15." *Id.* at 16.

Progressing to step four, the ALJ found that Tischler was "unable to perform past relevant work as actually or generally performed." *Id.* at 21. However, he ultimately concluded that "[c]onsidering [her] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* For example, the ALJ referenced general office work (approximately 80,000 jobs nationally); document processing and scanning (30,000–40,000 jobs nationally); cleaning and housekeeping services (60,000 jobs nationally); and laundry work (more than 60,000 jobs nationally). *Id.* at 22. The ALJ explained that the articulated jobs were non-exhaustive and that Tischler would be capable of "making a successful adjustment" to a wide array of sedentary or lightly active jobs in the national economy. *Id.*

The Appeals Council denied review on May 8, 2020. ECF No. 1 at 2; ECF No. 18 at 1–6. Thus, the ALJ's determination was the

Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## LEGAL STANDARD

On review of the Commissioner's denial of benefits, a court is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as relevant and sufficient evidence that a reasonable mind might accept as adequate to support a conclusion; it is more than a scintilla of evidence but need not be a preponderance. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). So, when applying the substantial evidence standard, the reviewing court does not weigh the evidence, retry the issues, or substitute its own judgment; rather, the court scrutinizes the record to determine if substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence" to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (internal citation omitted).

The SSA applies a five-step test to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is not disabled, the evaluation need not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairments are medically severe; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) whether the RFC precludes the claimant from performing his past relevant work; and (5) whether the

combination of the claimant's RFC, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *Id.* An ALJ may discount a medical opinion if it is unsupported by evidence or inconsistent with other evidence in the record. *See Newton v. Apfel*, 209 F.3d 448, 455–56.

## ANALYSIS OF OBJECTION

Plaintiff raises only one objection to the Magistrate Judge's FCR. Specifically, The Plaintiff maintains that the "ALJ did not comply with the regulatory requirements for determining the persuasiveness of Dr. Slabaugh's medical opinion." ECF No. 28 at 1. For the following reasons, the Court will **OVERRULE** this objection.

Plaintiff argues that "the ALJ did not comply with the articulation requirement of 20 C.F.R. § 404.150c(b)(2) that he 'explain how' he considered the supportability [and consistency] factor[s]." *Id.* at 3, 6. Plaintiff contends that "the Magistrate Judge does not demonstrate that the ALJ articulated how he considered the supportability factor because the ALJ did not do so." *Id.* at 5. Plaintiff further argues that "the ALJ did not properly consider 'the record as a whole' in considering the consistency factor." *Id.* at 6.

The Court disagrees with Plaintiff. Despite Plaintiff's selective reading of the Magistrate Judge's FCR (ECF NO. 27) and Administrative Law Judge's Decision (ECF No. 18-1 at 13–26), the Court concludes that Plaintiff's objection is unfounded. As the Magistrate Judge noted in his FCR, the ALJ squarely addressed the supportability and consistency factors. *See* ECF No. 27 at 9 (citing ECF No. 18 at 17). In conducting a *de novo* review of the record, the Court notes that the ALJ's Decision provided clear and detailed explanations supporting the ultimate Decision. Given Plaintiff's lone objection, it is noteworthy that the ALJ's Decision specified that Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms, [] are *inconsistent* and *do not support* the existence of limitations greater than those reported [in the Decision]." ECF No. 18-1 at 18, 19.

The ALJ provided this conclusion based on substantial evidence. For instance, the ALJ articulated the basis for the supportability and consistency factors by explaining that the opinion of Dr. Slabaugh was "not supported by her treatment notes nor is it consistent with the

4

record as a whole, which includes normal mental status examinations and reports by the claimant reporting that she visited friends multiple times, helped work on furniture with a friend, and is able to live alone." *Id.* at 20 (citing Exs. 2F/4; 3F/36, 38, 58; 4F/78; 7F/6, 9, 11). The Magistrate Judge also observed that "[r]ather than nakedly rejecting Dr. Slabaugh's opinion, the ALJ pointed to contravening evidence in the record upon [which] he based his decision." ECF No. 27 (citing ECF No 18 at 286, 36–64, 476, 670–75).

The ALJ also considered Dr. Slabaugh's opinion in context of the overall evidentiary record, including prior administrative findings of the DDS reviewing psychological consultants and Plaintiff's testimony. For instance, the ALJ noted that Plaintiff repeatedly reported "difficulty leaving her home and going to public places; however, she admitted that she has been able to resume picking up her grocery orders, going to stay overnight at friends' houses, helping a friend to work on refinishing furniture, and went to a friends'[sic] birthday dinner at a restaurant." ECF No. 18-1 (citing Exs. 2F/4; 3F/40; 4F/8; 7F/11).

It is not the Court's task to scrutinize the Commissioner's findings and conclusions, or to weigh their persuasiveness. Rather, the Court merely evaluates whether the ALJ employed the proper legal standards in crafting the findings and conclusions, and whether these were supported by substantial evidence. Here, the Court concludes that the Commissioner utilized the proper legal standards in evaluating Plaintiff's application and that the Commissioner's ultimate position is supported by substantial evidence. The Court therefore agrees with the Magistrate Judge and ALJ, and disagrees with Plaintiff.

## CONCLUSION

Having conducted a *de novo* review of the ALJ's Decision, the Magistrate Judge's FCR, and Plaintiff's Objection, the Court **AFFIRMS** the ALJ's Decision, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Plaintiff's Objection.

**SO ORDERED** on this **9th day** of **December, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

5